# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50027, 01 C 50354 | **DATE** | 5/13/2003 |
| **CASE TITLE** | Jarret vs. Roth; Jarrett v. Sterns, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] It is the Report and Recommendation that, as to the 027 case, Plaintiff's Motion to Vacate be denied and Defendants' Motion to Enforce Settlement be granted and the Settlement Agreement, attached as Exhibit A to this opinion, be entered as a judgment of this court. As to the 354 case, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's Motion to Vacate be denied because the court does not have jurisdiction. However, if the district court finds there is jurisdiction, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's Motion to Vacate be denied and Defendants' Motion to Enforce Settlement be granted. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **MAY 13 2003** date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/13/2003 date mailed notice | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| HEWLETT JARRETT, | ) |
| | ) |
| Plaintiff, | ) Case Nos. 01 C 50027 |
| | ) 01 C 50354 |
| v. | ) |
| | ) Philip G. Reinhard |
| THOMAS P. ROTH, JERRY L. STERNES, | ) P. Michael Mahoney |
| WENDY MEYER, and | ) |
| STEVE WENNMAKER, | ) |
| | ) |
| Defendants. | ) |

## Report and Recommendation

Hewlett Jarrett ("Plaintiff") filed two separate 42 U.S.C §1983 prisoner civil rights claims -- 01 C 50027 ("027 case") and 01 C 50354 ("354 case"). Both cases were allegedly settled. However, on February 20, 2003, Plaintiff filed a Motion to Vacate Judgment ("Motion to Vacate") for the 027 case and on April 15, 2003, Plaintiff filed a Motion to Vacate Judgment for the 354 case. On May 7, 2003, Thomas Roth, Jerry Sternes, Wendy Meyer, and Steve Wennmaker (collectively "Defendants") filed a Motion for Enforcement of Settlement Agreement. A hearing both motions was held on May 9, 2003. The Plaintiff was present via telephone. It is the Report and Recommendation of the Magistrate Judge that, as to the 027 case, Plaintiff's Motion to Vacate be denied and Defendants' Motion to Enforce Settlement be granted and the Settlement Agreement, attached as Exhibit A to this opinion, be entered as the courts judgment. Further, it is the Report and Recommendation of the Magistrate Judge that, as to the 354 case, the case was terminated on January 31, 2003 and this court does not have jurisdiction. However, the Magistrate Judge notes that if the district court finds it has jurisdiction, then it is the Report and Recommendation of the

Magistrate Judge that Plaintiff's Motion to Vacate be denied and Defendants' Motion to Enforce Settlement be granted as stated above.

## Background

Turning first to the 027 case, on April 27, 2001, Judge Reinhard entered a minute order granting Plaintiff's motion for appointment of counsel and subsequently appointed attorney David H. Carter. On June 15, 2001, Plaintiff filed his final amended complaint alleging that Defendants' policy of allowing only five stamped envelopes per month to prisoners confined to "C" grade in the psychiatric unit was a violation of Plaintiff's civil rights. On January 30, 2003, Plaintiff (participating via telephone), Plaintiff's counsel and Defendants' counsel appeared for a Settlement Conference during which all parties agreed to settle the case. This agreement and the terms were communicated to the court. The Magistrate Judge issued a Report and Recommendation that the case be dismissed as settled and on January 31, 2003, Judge Reinhard issued an order dismissing the case and giving the parties until March 3, 2003 to filed a stipulation of dismissal. The district court retained jurisdiction until the March 3, 2003 date. On February 20, 2003 Plaintiff filed a motion to vacate the judgment entered on January 30, 2003.

With regards to the 354 case, Plaintiff filed his complaint on October 1, 2001, alleging, *inter alia*, that Defendants violated Plaintiff's First Amendment and Due Process rights, and sought injunctive relief enjoining the Defendants from censoring Plaintiff's mail without a hearing. On October 31, 2001, Judge Reinhard entered an order granting Plaintiff's motion for appointment of counsel and subsequently appointed attorney Robert A. Calgaro. As stated above, on January 30, 2003, Plaintiff (participating via telephone), Plaintiff's counsel and Defendants' counsel appeared for a Settlement Conference during which all parties agreed to settle the case. The Magistrate Judge

2

issued a Report and Recommendation that the case be dismissed as settled and on January 31, 2003, Judge Reinhard issued an order dismissing the case and giving the parties until March 3, 2003 to filed a stipulation of dismissal. Unlike the 027 case, the docket sheet reflects the Plaintiff did not file a motion to vacate judgment for the 354 case until April 15, 2003, well after the March 3, 2003 date of retained jurisdiction.

Plaintiff's Motion to Vacate argues, that pursuant to Rule 59 of the Federal Rules of Civil Procedure, Plaintiff is entitled to vacate the settlement agreement because Plaintiff "tentatively entered into a settlement agreement" and Defendants cannot now uphold the conditions contained in the settlement agreement. (Pl.'s Mot. to Vacate at 1). Additionally, Plaintiff argues that the Magistrate Judge's January 30, 2003 order recommending that the case be dismissed was premature because it was "prior to Plaintiff being provided a written statement of conditions of dismissal." (*Id.*).

Defendants, on the other hand, argue that on January 30, 2003, the two above captioned cases were settled and within two weeks of orally agreeing to settle, Defendants counsel prepared a settlement agreement in draft form which Plaintiff and both his counsel reviewed, which Plaintiff ultimately signed. Subsequently, Defendants counsel sent out the final settlement agreement and Plaintiff refused to sign it, counter to the advice of his counsel. (Defs.' Mot. to Enforce Settlement at ¶ 5).

On May 9, 2003, Plaintiff's counsel, Defendants' counsel, and Plaintiff (via telephone) appeared before the Magistrate Judge. During this hearing, counsel for both sides indicated to the court that the final settlement agreement between Plaintiff and Defendants included all issues orally agreed upon by both sides at the January 30, 2003 settlement conference and that the document

accurately reflected the agreement of the parties.

## Analysis

Generally, before a court will enforce a settlement agreement, the "traditional elements of a contract must be met. The parties will be bound by the agreement if there is clearly an offer to compromise, an acceptance, and a meeting of the minds as to the terms of the agreement." *Caliber Packaging, Inc. v. Szot*, No 97 C 2975, 1999 WL 409774, at *2 (N.D. Ill. June 7, 1999)(citing *Fidelity Mut. Life Ins. Co. v American Nat'l Bank & Trust Co.*, No 93 C 2851, 1994 WL 14639, at *2 (N.D. Ill. Jan 20, 1994)). In this case, it is clear that there was a meeting of the minds as to the terms of the agreement.

Plaintiff argues that, as to the 027 case, Defendants agreed to change their policy regarding stamps to prisoners confined to "C" grade in the psychiatric unit prison-wide and not just for the named Plaintiff. However, Defendants' counsel and Plaintiff's own counsel indicated to the court, on the record, that the agreement as to the number of stamps allowed to a prisoner confined to "C" grade in the psychiatric unit was only to apply to the named Plaintiff. This is further supported by the fact that the agreement was to be confidential. Therefore, as the 027, the Magistrate Judge finds that there was a meeting of the minds as to the terms of the agreement and it is the Report and Recommendation of the Magistrate Judge that Plaintiff's Motion to Vacate the 027 case be denied and Defendants' Motion to Enforce Settlement Agreement be granted and the Settlement Agreement, attached as Exhibit A to this opinion, become the judgment of the district court.

The 354 case is a bit more complicated. Unlike the 027 case, where Plaintiff filed a motion to vacate before the March 3, 2003, in the 354 case the Plaintiff waited until April 15, 2003 to file a motion to vacate as to the 354 case. At this point, the Magistrate Judge does not believe the court

4

had jurisdiction to hear the case. Thus, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's Motion to Vacate be denied as the court does not have jurisdiction. However, if the district court finds that this court does have jurisdiction, it is the Report and Recommendation of the Magistrate Judge that, as in the 027 case, that there was a meeting of the minds as to the terms of the settlement agreement and Plaintiff's Motion to Vacate the 354 case be denied and Defendants' Motion to Enforce Settlement Agreement be granted.

## Conclusion

For the above mentioned reasons, it is the Report and Recommendation that, as to the 027 case, Plaintiff's Motion to Vacate be denied and Defendants' Motion to Enforce Settlement be granted and the Settlement Agreement, attached as Exhibit A to this opinion, be entered as a judgment of this court. As to the 354 case, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's Motion to Vacate by denied because the court does not have jurisdiction. However, if the district court finds there is jurisdiction, it is the Report and Recommendation of the Magistrate Judge that Plaintiff's Motion to Vacate be denied and Defendants' Motion to Enforce Settlement be granted. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/13/03

**DRAFT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| HEWLETT JARRETT, ) | |
| ) | |
| Plaintiff, ) | No. 01 C 50027 |
| ) | |
| v. ) | Hon. Judge P. Michael Mahoney |
| ) | Presiding Judge |
| THOMAS P. ROTH, et al., ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| HEWLETT M. JARRETT, ) | |
| ) | |
| Plaintiff, ) | No. 01 C 50354 |
| ) | |
| v. ) | |
| ) | Hon. Philip G. Reinhard |
| JERRY L. STERNES, WENDY MEYER, ) | Judge Presiding |
| and STEVE WENNMAKER, ) | |
| ) | Hon. P. Michael Mahoney |
| Defendants. ) | Magistrate Judge |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is made and entered into by and between Plaintiff, Hewlett Jarrett ("Plaintiff"), No. B-24778, and the Defendants Thomas P. Roth, Jerry Sternes, Wendy Meyer, and Steve Wennmaker ("Defendants") and the Illinois Department of Corrections ("IDOC").

## RECITALS

WHEREAS, Plaintiff filed these lawsuits in the United States District Court, Northern District of Illinois, Western Division, entitled *Jarrett v. Roth*, Case Number 01 C 50027, and *Jarrett v. Sternes*, et al., 01 C 50354, alleging violations of rights protected by statute(s), regulation(s), common law, the Constitution of the State of Illinois and/or the Constitution of the United States;


EXHIBIT A

**DRAFT**

WHEREAS, the Defendants deny the allegations and deny any statutory, common law, constitutional or regulatory violations, and affirmatively state that Plaintiff has failed to state a claim upon which relief can be granted;

WHEREAS, all parties agree that neither the fact of this Agreement, nor any term or provision hereof shall be construed as an admission of liability by the State of Illinois, the IDOC, or the Defendants in this case; and

WHEREAS, so as to avoid further expense and in recognition of the positions of the parties to the above case, the parties wish to settle and compromise the pending Action, thereby terminating this litigation;

IT IS HEREBY AGREED, by and between the parties as follows:

1. In consideration for the full and complete settlement of all claims in this case, plaintiff shall receive the payment of the sum of Two Hundred Dollars ($200.00) which shall be paid through the Indemnification Fund administered by the Illinois Department of Central Management Services (herein "CMS") pursuant to the State Employee Indemnification Act (5 ILCS 350/0.01 et seq.) with the draft payable to Plaintiff Hewlett Jarrett, inmate No. B-24778 and the draft shall be mailed to Hewlett Jarrett, (SS# 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) at the Pontiac Correctional Center, 700 W. Lincoln Street, P.O. Box 99, Pontiac, Illinois 61764. Compensation payable under this Agreement shall be subject to state laws governing the Comptroller's obligation to withhold funds that plaintiff may owe to other persons or to State Agencies. The validity of those claims, if any, may be contested through applicable State process and procedures. The Department of Corrections agrees not to seek recovery of the costs of the plaintiff's incarceration from the funds payable pursuant to this settlement agreement.

2

**DRAFT**

2. It is expressly agreed that the Defendants in their individual capacities shall not be responsible for payment of any sum under this Agreement.

3. In further consideration for settlement of this claim, any deficit in Plaintiff's trust fund account, existing as of the date of the execution of this agreement shall be voided by the records office at Pontiac Correctional Center, and the balance shall be made $0.00. The Department of Corrections will make its best efforts to effectuate said transaction as soon as administratively feasible after the execution of this Agreement.

4. In further consideration for settlement of these claims, the Illinois Department of Corrections and Pontiac Correctional Center will, with respect to Plaintiff, continue to enforce the rule established at Dixon Correctional Center with regard to the purchase of envelopes. Plaintiff will be able to purchase up to 20 pre-stamped envelopes and an unlimited number of blank envelopes through the commissary, so long as such purchases do not violate Plaintiff's ability to store the envelopes pursuant to Administrative Directive 05.10.110, 05.10.115, and 05.10.120. This agreement shall remain in place until Plaintiff's release date or one year from the date of execution of this agreement, whichever shall come first and shall include the last sixty days of Plaintiff's period of incarceration, unless the last sixty days of his incarceration shall be beyond one year from the execution of this agreement.

5. It is further understood and agreed that the above terms and tendered consideration are not to be construed as an admission of any liability, such liability having been expressly denied. No inducements or representations have been made by any agent or attorney of any party hereby released as to the legal liability or other responsibility of any party claimed responsible. It is agreed that this release applies to known or unknown injuries, costs, expenses, and/or damages alleged to

3

**DRAFT**

have been suffered or incurred by the Plaintiff due to the action or inactions of the Defendants as stated in Plaintiff's complaint(s) filed in the Action, and is intended to be a full and complete disposition of the entire claim(s) and/or cause(s).

6. Plaintiff and his attorneys release, waive and relinquish any claims or rights to attorneys' fees, expenses and costs from Defendants, the State of Illinois or IDOC allegedly incurred or due in the Action pursuant to 42 U.S.C. Section 1988, or under any other statute, rule or common law provision.

7. Plaintiff, for himself, his heirs, successors and assigns, agrees to release, and hereby releases and forever discharges Defendants in their individual and official capacities, IDOC, the State of Illinois, their agents, former and present employees, successors, heirs and assignees and all other persons (hereinafter collectively referred to as "Releasees") from all actions, claims, demands, set-offs, suits, causes of action, controversies, disputes, equitable relief, compensatory and punitive damages, costs and expenses which arose or could have arisen from the facts alleged in or claims made in the Action, which Plaintiff owns, has or may have against the Releasees, whether known or unknown, from the beginning of time until the effective date of this Agreement, including but not limited to those at law, in tort (including actions under 42 U.S.C. Section 1983) or in equity.

8. The parties shall within 30 days of the execution of this Agreement file a Stipulation to Dismiss the Action with prejudice and without attorney's fees, costs or expenses.

9. No promise has been made to pay or give Plaintiff any greater or further consideration other than as stated in this Agreement. All agreements, covenants, representations and warranties, express or implied, oral or written, of the parties hereto concerning the subject matter of this Agreement are contained in this Agreement. No other agreements, covenants, representations or

**DRAFT**

warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the subject matter of this Agreement. All prior and contemporaneous negotiations, possible and alleged agreements, representations, covenants and warranties, between the parties concerning the subject matter of this Settlement Agreement are merged into this Settlement Agreement. This Agreement contains the entire agreement between the parties.

10. Plaintiff enters into this Agreement as a free and voluntary act with full knowledge of its legal consequences.

11. This Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois, without regard to principles of conflict of laws.

12. This Agreement may not be changed, modified or assigned except by the written agreement of Plaintiff, the IDOC and the Illinois Attorney General.

13. Plaintiff shall not file this Agreement in any court or disclose to anyone the terms and conditions of this Agreement, and all terms otherwise discussed in settlement negotiations or any particulars thereof, except as is necessary to enforce the terms of this Agreement or except as expressly required by law. Upon inquiry, Plaintiff shall simply state that these matters were settled to the satisfaction of the parties.

14. This Agreement shall not be construed to constitute a waiver of the State of Illinois or IDOC's sovereign immunity.

15. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on the parties hereto, notwithstanding that all of the parties are not signatory to the same counterpart.

DRAFT

In witness thereof, the parties have set their hand and seal to this instrument as shown below.

AGREED:

*[signature]*                                       *March 3, 2003*
Hewlett Jarrett, B-24778, Plaintiff                 Date

_____                         _____
Robert Calgaro,                                     Date
Condo Killoren, Bueschel & Calgaro
120 W. State Street, Suite 400
Rockford, Illinois 61101

_____                         _____
David H. Carter                                     Date
Law Office of David Carter
One Court Place, Suite 401
Rockford, Illinois 61101


On Behalf of the Illinois Department of Corrections:


_____                         _____
DIANN MARSALEK                                      Date
Chief Legal Counsel
Illinois Department of Corrections


Approved as to Form and Substance:


_____                         _____
James P. Doran                                      Date
Andrew W. Lambertson
Assistant Attorneys General
Counsel for Defendants

6

**DRAFT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| HEWLETT JARRETT, ) | |
| ) | |
| Plaintiff, ) | No. 01 C 50027 |
| ) | |
| v. ) | Hon. Judge P. Michael Mahoney |
| ) | Presiding Judge |
| THOMAS P. ROTH, et al., ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| HEWLETT M. JARRETT, ) | |
| ) | |
| Plaintiff, ) | No. 01 C 50354 |
| ) | |
| v. ) | |
| ) | Hon. Philip G. Reinhard |
| JERRY L. STERNES, WENDY MEYER, ) | Judge Presiding |
| and STEVE WENNMAKER, ) | |
| ) | Hon. P. Michael Mahoney |
| Defendants. ) | Magistrate Judge |

### STIPULATION TO DISMISS

NOW COMES the Plaintiff, Hewlett Jarrett, by and through his attorneys, Robert Calgaro, Conde Killoren, Bueschel & Calgaro, 120 W. State Street, Suite 400 Rockford, Illinois 61101 and David Carter, One Court Place, Suite 401, Rockford, Illinois 61101 and the Defendants, Thomas P. Roth, Jerry Sternes, Wendy Meyer, and Steve Wennmaker, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and hereby stipulate to the dismissal of this case with prejudice. The Plaintiff and Defendants agree as follows:

1. This lawsuit shall be dismissed with prejudice and without leave to reinstate.

2. Each party shall bear their own costs, attorney's fees and expenses.

**DRAFT**

AGREED:

_/s/ [signature]_                                          Date: _MARCH 3, 2003_
Plaintiff
Howlett Jarrell

---

Robert Calgaro,
Condo Killoren, Bueschel & Calgaro
120 W. State Street, Suite 400
Rockford, Illinois 61101

James P. Doran
Andrew W. Lambertson
Assistant Attorneys General
Attorney for Defendants
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-7202/1187

---

David H. Carter
Law Office of David Carter
One Court Place, Suite 401
Rockford, Illinois 61101

Date:_____                Date:_____